IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WARREN MATTHEW GIDDINGS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-127 |
| OFFICER COLDSMITH, MCTC OFFICER, and | * | |
| LIEUTENANT DWAYNE DRAPER, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Self-represented Plaintiff Warren Matthew Giddings,[1] currently incarcerated at the Maryland Correctional Institution in Hagerstown, Maryland, brought this civil action pursuant to 42 U.S.C. § 1983. ECF No. 1. In an Amended Complaint, Plaintiff claims that on October 27, 2020, while he was incarcerated at the Maryland Correctional Training Center ("MCTC"), Officer Coldsmith used excessive force against him, in violation of the Eighth Amendment, and Officer Coldsmith's partner ("MCTC Officer") failed to intervene. ECF No. 25. Plaintiff also claims that

---

[1] Plaintiff is a serial litigant in this Court, having filed the following cases since March 2021: *Giddings v. Bair, et al.*, Civil Action No. PWG-21-706 (dismissed April 8, 2021); *Giddings v. Dovey*, Civil Action No. JKB-21-707 (dismissed July 15, 2021); *Giddings v. Montgomery County Circuit Court*, Civil Action No. CCB-21-861 (dismissed April 7, 2021); *Giddings v. Montgomery County*, Civil Action No. GJH-21-959 (dismissed Dec. 15, 2021), *aff'd*, Case No. 22-6057 (4th Cir. April 29, 2022); *Giddings v. Charles County Probation Officer 1, et al.*, Civil Action No. ELH-21-1317 (dismissed June 1, 2021); *Giddings v. Montgomery County Police, et al.*, Civil Action No. SAG-21-1360 (dismissed May 17, 2022); *Giddings v. Montgomery County, Maryland, et al.*, Civil Action No. GLR-21-1958 (dismissed Sept. 22, 2021), *aff'd*, Case No. 21-7476 (4th Cir. May 26, 2022); *Giddings v. Kleinbord, et al.*, Civil Action No. PWG-21-2132 (dismissed Sept. 27, 2021); *Giddings v. Brohrer, et al.*, Civil Action No. GJH-21-2222 (dismissed Dec. 8, 2021); *Giddings v. Probation Officer 1 & 2, et al.*, Civil Action No. PWG-21-2458 (dismissed Oct. 8, 2021); *Giddings v. Charriez, et al.*, Civil Action No. GJH-21-2735; *Giddings v. Green, et al.*, Civil Action No. PJM-21-2850; *Giddings v. Montgomery County, Maryland*, Civil Action No. PWG-21-2862 (dismissed Dec. 28, 2021); *Giddings v. Corizon, et al.*, Civil Action No. LKG-21-3166; *Giddings v. M.C.T.C., et al.*, Civil Action No. DLB-21-3189; *Giddings v. Montgomery County*, Civil Action No. SAG-21-3245 (dismissed Dec. 28, 2021), *appeal dismissed*, Case No. 22-6351 (4th Cir. April 21, 2022); *Giddings v. Montgomery County, MD, et al.*, Civil Action No. PWG-21-3303 (dismissed Feb. 4, 2022); and *Giddings v. Fox 5 News, et al.*, Civil Action No. SAG-22-70 (closed Feb. 22, 2022).

the MCTC official responsible for handling Administrative Remedy Procedures, later identified as Lieutenant Dwayne Draper, violated Plaintiff's due process rights by denying him access to the surveillance video of the incident. ECF No. 22. Plaintiff seeks monetary damages totaling over $10 million. *Id.* at 4. ECF No. 34.

On November 3, 2021, Defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 38),[2] which is fully briefed (ECF Nos. 43, 45). In his opposition response to Defendants' Motion, Plaintiff sought to add three new defendants. ECF No. 43. On March 7, 2022, Plaintiff filed a "Motion to Add Supplemental Pendent Claims" against the newly proposed defendants (ECF No. 52), and on May 26, 2022, he filed a Motion to Amend the Complaint seeking to substitute those individuals as defendants (ECF No. 55), as well as a Motion to Compel (ECF No. 56).

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons explained below, the Court will grant Defendants' Motion, construed as a Motion to Dismiss. The Complaint shall be dismissed with prejudice, and Plaintiff's motions shall be denied.

**Background**

Plaintiff claims that at approximately 10 p.m. on October 27, 2020, he was being escorted by Officer Coldsmith and MCTC Officer after he was "written up for flirting with a prison nurse." Compl., ECF No. 1 at 3; Am. Compl., ECF No. 25. Officer Coldsmith expressed his disgust with Plaintiff and "started jerking [Plaintiff] around." ECF No. 1 a 3-4. When Plaintiff accused Officer Coldsmith of using excessive force, Officer Coldsmith verbally threatened Plaintiff, pretended that Plaintiff was resisting, brought Plaintiff out of surveillance camera view, and threw him onto a golf cart commonly used for transport, injuring his knee. *Id.* Plaintiff claims that the incident was

---

[2] Defendant MCTC Officer was neither identified by name nor served with the Amended Complaint and shall be dismissed without prejudice.

racially motivated. *Id.* Plaintiff also alleges that Lt. Draper violated his due process rights by allowing the video recording of the incident to be destroyed. ECF No. 22 at 3-4.

Defendants state that during Plaintiff's transport on the evening of October 27, 2020, he was escorted by Sergeant J. Wright, CO J. Rosenberry and CO II B. Whitside, and not Officer Coldsmith. ECF No. 38-1 at 3. At that time, Officer Coldsmith was assigned to the MCTC dispensary dental unit from 4:00 p.m. to midnight, and he remained at that post for the entirety of his shift. *See* Post Assignment Worksheet. ECF No. 38-5 at 25.

After being escorted to the dispensary in handcuffs, Plaintiff refused a nursing assessment, stating that he "don[']t need to be seen." Medical Records, ECF No. 38-8 at 3. During a physical examination on November 10, 2020, an MCTC medical provider noted no complaints of injury to Plaintiff's leg, and documented that Plaintiff walked out of the treatment room unassisted. *Id.* at 4.

Plaintiff subsequently filed an Administrative Remedy Procedure ("ARP") regarding the October 27, 2020 incident. ARP No. 1486-20, ECF No. 38-7 at 4. Following an investigation, Lt. Durboraw recommended dismissal of the ARP based on video evidence that Plaintiff was not assaulted by any officer, as well as Sgt. Wright's statement that the transport was "without incident." *Id.* at 6-9. Plaintiff did not ask to preserve video footage of the alleged incident in ARP No. 1486-20, and the recording was deleted after a set period of time pursuant to the Department of Public Safety and Correctional Services' ("DPSCS") retention policies. *See* Decl. of Draper, ECF No. 38-7 at ¶¶ 10, 11.

The Warden dismissed ARP No. 1486-20, and Plaintiff noted an appeal to the Division of Correction ("DOC") Headquarters. *See* ECF No. 38-10. Thereafter, Plaintiff was directed to resubmit his filing because he appealed from several ARPs contemporaneously and the DOC was

3

unable to determine his intent. *Id.* at 22. Plaintiff's appeal was eventually dismissed due to his failure to properly resubmit the necessary information. *Id.* at 27.

Plaintiff filed three appeals with the Inmate Grievance Office ("IGO") referencing ARP No. 1486-20 and other related ARPs. *See* ECF No. 38-11. All three were dismissed after Plaintiff failed to respond to letters requesting additional information regarding his claims. *Id.* at 42-43, 45-48.

Plaintiff initiated the instant suit on January 14, 2021. ECF No. 1. After receiving Defendants' Motion to Dismiss, on in the Alternative, for Summary Judgment, Plaintiff filed an opposition indicating that CO II Whitside was the officer who used excessive force, and CO Rosenberry was the partner who failed to intervene. ECF Nos. 43, 47. He also claims that Lt. Durboraw denied him due process by falsifying the results of the ARP investigation. *Id.* Thus, Plaintiff seeks to add those three individuals as defendants. *Id.*

**Standard of Review**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). Although pro se pleadings are construed generously to allow for the

development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

A motion for summary judgment brought pursuant to Rule 56 shall be granted if the movant demonstrates that no genuine issue of disputed material fact exists, rendering the movant entitled to judgment as a matter of law. *See In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of [his] pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the non-movant without weighing the evidence or assessing witness credibility. *See Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-44 (4th Cir. 2002). Factually unsupported claims and defenses may not proceed to trial. *Bouchat*, 346 F.3d at 526.

**Discussion**

In his Amended Complaint, Plaintiff claims that Officer Coldsmith used excessive force against him, in violation of the Eighth Amendment, and that Lt. Draper violated his due process rights by denying him access to the video footage of the incident.  ECF No. 25.  In their Motion, Defendants argue that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff has failed to state a claim; (3) Plaintiff has not established that excessive force was used against him; (4) Plaintiff's allegations of verbal threats do not state a constitutional claim; (5) Plaintiff has failed to show a violation of his equal protection rights; (6) Plaintiff has not established a due process violation; (7) Plaintiff has failed to indicate whether he is suing Defendants in their individual or official capacities; (8) Defendants are immune under the Eleventh Amendment; and (9) Defendants are entitled to qualified immunity.  ECF No. 38-1.

**I.     Claims against Officer Coldsmith & Lt. Draper**

In his opposition response to Defendants' Motion, Plaintiff states that the officer who used excessive force against him was CO II Whitside and not Officer Coldsmith.  ECF No. 43; *see also* ECF No. 55 (seeking to substitute defendants).  Plaintiff also claims that Lt. Durboraw was the ARP official who denied him due process under the law.  *Id.*  For an individual capacity claim to proceed, a plaintiff must allege sufficient personal participation by each defendant to demonstrate that each defendant violated the prisoner's rights protected under § 1983.  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004).  As it appears that Plaintiff no longer raises any claims against Officer Coldsmith and Lt. Draper, those Defendants are entitled to dismissal.

**II.     Claims against CO II Whitside, CO Rosenberry & Lt. Durboraw**

Next, Plaintiff seeks to add CO II Whitside, CO Rosenberry, and Lt. Durboraw as defendants. ECF Nos. 43, 55. Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." F. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." F. R. Civ. P. 15(a)(2).

Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* "Where the proposed amendment to the complaint appears to be a futility, however, this court has the discretion to deny leave to amend." *Pevia v. Wexford Health Source, Inc.*, Civil Action No. ELH-16-3810, 2018 WL 6271048, at *1 (D. Md. Nov. 30, 2018). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." *Id.* (citing *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.")).

Here, Defendants served their Motion on November 3, 2021, and Plaintiff requested the addition of new defendants more than 21 days later, in a filing dated December 9, 2021. *See* ECF Nos. 38, 43. Thus, the request to amend was untimely filed. Moreover, Plaintiff did not obtain the named Defendants' written consent, and Officer Coldsmith and Lt. Draper decline to give such consent now. *See* ECF No. 45. Although the Court may grant Plaintiff leave to amend, Plaintiff's request shall be denied because amendment in this case would be futile.

First, Plaintiff fails to state a plausible claim that CO II Whitside used excessive force. Whether the force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Court must look at the need for the application of force, the relationship between that need and the amount of force applied, the extent of the injury inflicted, the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

At the time of the incident at issue, Plaintiff was being escorted after he used vulgar language towards a nurse and was issued an adjustment for two rule violations. By Plaintiff's own account, he continued to scream while being transported. *See* ECF No. 1 at 4-5. Based on this acknowledgement, CO II Whitside acted reasonably in keeping Plaintiff handcuffed to secure and control the situation. In addition, when Plaintiff arrived at the dispensary, he declined to be seen or treated by medical staff, and it does not appear that he suffered any injuries during the escort. And, to the extent Plaintiff alleges that CO II Whitside verbally threatened him, he fails to state a claim because verbal abuse of inmates by guards, without more, does not establish an Eighth Amendment violation. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979).

Second, Plaintiff fails to plausibly claim that CO Rosenberry failed to protect him from harm. In order to establish a failure to protect claim, a prisoner must make two showings: first, that he suffered significant injury or was "'incarcerated under conditions posing a substantial risk of serious harm;'" and second, that the prison official at issue had a "'sufficiently culpable state of mind.'" *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (quoting *Farmer v. Brennan*, 511

U.S. 825, 834 (1994)). As previously stated, it does not appear that Plaintiff suffered significant injury. Thus, his claim against CO Rosenberry would necessarily fail.

Third, Plaintiff has not established that Lt. Durboraw violated his due process rights. Even assuming that Lt. Durboraw failed to follow the requirements of the ARP process as Plaintiff alleges, violations of state laws or regulations do not establish a basis for a federal procedural due process claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) (citation omitted). Likewise, the failure to follow prison directives or regulations does not, in and of itself, establish a violation of due process. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 & n.6 (D. Md. 2015) (citing *Myers*). Furthermore, even where a state has created internal prison procedures, the procedural protections of the Due Process Clause apply only to actions that implicate a protected liberty interest, such as those that result in the loss of good time credits, *see Ewell v. Murray*, 11 F.3d 482, 488 (4th Cir. 1993), or otherwise lengthen the amount of time an inmate must serve, *see Montanye v. Haymes*, 427 U.S. 236, 242 (1976), as well as those that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 477-78, 483-84 (1995), none of which are alleged here.

Lastly, it does not appear that Plaintiff exhausted his administrative remedies before filing suit. The Prisoner Litigation Reform Act ("PLRA") provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by

9

defendants. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Nevertheless, a claim that has not been exhausted may not be considered by this Court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, 578 U.S. __, 136 S.Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Id.* at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford* 548 U.S. at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). But, the Court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Inmates housed at an institution operated by DPSCS may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code (2008 Repl. Vol.), Correctional Services Article ("C.S."), §§ 10-201 *et seq.*; COMAR 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal

the denial within 30 days to the Commissioner of Correction. If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. OPS.185.0002.05D; C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Here, it appears that Plaintiff was aware of the administrative grievance process and the process was available to him. However, he failed to exhaust his administrative remedies prior to filing suit. Although he was given several opportunities to amend his appeals before the DOC and the IGO, he failed to do so. Because Plaintiff failed to exhaust prior to filing federal suit, his claims cannot proceed at this time.

As Plaintiff fails to state a valid claim against each proposed defendant, amendment would be futile. Therefore, Plaintiff's requests to add or substitute defendants, his Motion to Add Supplemental Pendent Claims against those individuals, and his Motion to Compel shall be denied.

## Conclusion

Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a Motion to Dismiss, is granted.[3] The Complaint is dismissed without prejudice, and Plaintiff's motions are denied. A separate Order follows.

June 8, 2022/s/
DateRICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[3] In light of this ruling, the Court need not address Defendants' remaining arguments.